O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GREGG McNAMARA, | Case No. CV 13-6824-JGB(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

On September 16, 2013, petitioner filed this petition for a writ of error coram nobis. Petitioner, who has served his sentence and is currently residing in Medford, Oregon, challenges his 1978 conviction in the California Superior Court. [Petition at 1-10].

Section 2254 "is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005), overruled on other grounds, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)(en banc). In order to obtain relief under section 2254, however, a petitioner must be "in custody" as a result of the conviction or sentence he wishes to challenge. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not in custody

if the sentence imposed for the challenged conviction has fully expired at the time the habeas petition is filed. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). Further, once the petitioner is unconditionally released, the collateral consequences of the conviction are not sufficient to render the petitioner in custody for the purposes of a habeas petition. Maleng, 490 U.S. at 492.

Because petitioner is no longer in custody based upon the 1978 conviction, he cannot challenge that conviction in a habeas petition pursuant to section 2254. [See Petition, Ex. G]. Petitioner seeks to circumvent the custody requirement by styling his challenge as a petition under 28 U.S.C. §1651 (the "All Writs Act"). This he may not do.

"Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden San Diego, Correctional Facility, 265 Fed. App'x. 639, 639 (9th Cir. 2008); see also Williams v. Waggener, 271 Fed. App'x. 603, 604 (9th Cir. 2008) (affirming a district court's ruling that it lacked the authority to issue a writ of error coram nobis with respect to a state court conviction); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006) (per curiam)("district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"), cert. denied, 549 U.S. 1169 (2007); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) (same); Martinez v. Lockyer, 453 F.Supp.2d 1150, 1152 (C.D.Cal. 2006) (same).

Accordingly, the petition for a writ of coram nobis is dismissed for lack of jurisdiction.

Dated: October 31, 2013

_____
Jesus G. Bernal
United States District Judge